UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA SALDIVAR RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S CORPORATE SERVICE, LLC,<br><br>Defendant. | Civil Action No. 24-8840 (JXN) (JBC)<br><br>and<br><br>Civil Action No. 24-9049 (JXN) (JBC)<br><br>**MEMORANDUM OPINION & ORDER** |
| ANA SALDIVAR,<br><br>Plaintiff,<br><br>v.<br><br>LAUNDRY DISTRIBUTION & FOOD SERVICES BOARD JOIN,<br><br>Defendant. | |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Ana Saldivar's ("Plaintiff") complaint (ECF No. 1) (the "24-8840 Complaint") and application to proceed *in forma pauperis* (ECF No. 1-6) in 2:24-cv-8840 (the "24-8840 IFP Application"). Also before the Court is Plaintiff's complaint (ECF No. 1) (the "24-9049 Complaint") and application to proceed *in forma pauperis* (ECF No. 1-4) in 2:24-cv-9049 (the "24-9049 IFP Application"). For the reasons set forth below, Plaintiff's 24-8840 IFP Application is **GRANTED**, and the 24-8840 Complaint is **DISMISSED** *without prejudice*. And the matter in 2:24-cv-9049 is consolidated for all purposes into the lead case in 2:24-cv-8840.

1

    **A.**    <u>**Plaintiff's 24-8840 IFP Application is GRANTED**</u>

    1.    Pursuant to 28 U.S.C. § 1915, the Court must carefully review the IFP Application, "and, if convinced that [Plaintiff] is unable to pay the court costs and filing fees, . . . grant leave to proceed *in forma pauperis.*" *Douris v. Middletown Twp.*, 293 F.App'x 130, 132 (3d Cir. 2008) (citation omitted).

    2.    Here, Plaintiff provided the requested information in her 24-8840 IFP Application. (*See gen.* ECF No. 1-6). Plaintiff represents to having a total monthly income of "$13,704.00[,]" "$12,870" of which is attributed to the "first 6-month retroactive payment" of temporary disability benefits she received on June 21, 2024. (*Id.* at 2, 7). Plaintiff claims she is currently in litigation to recover over $30,000 in temporary disability benefits that are still outstanding. (*Id.* at 7). Because most of Plaintiff's income is attributed to temporary disability benefits, and without these monies Plaintiff's total monthly income is $834.00—less than her $2,280.63 in total monthly expenses (*see id.* at 2, 6), the 24-8840 IFP Application is **GRANTED**.

    **B.**    <u>**Plaintiff's 24-8840 Complaint and 24-9049 Complaint are Dismissed *without Prejudice***</u>

    3.    Upon submission of the 24-8840 IFP Application, the 24-8840 Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F.App'x 91, 92 (3d Cir. 2014).

4. Here, the 24-8840 Complaint is dismissed *without prejudice* because it does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii). While the 24-8840 Complaint alleges federal jurisdiction (*see* 24-8840 Compl. at 4), Plaintiff fails to allege the same in the Civil Cover Sheet. *See* (ECF No. 1-1) (Plaintiff must allege jurisdiction under federal question or diversity of citizenship). Next, though Plaintiff alleges claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and a variety of New Jersey state claims (*see* 24-8840 Compl. at 4), Plaintiff failed to select the appropriate nature of suit in the Civil Cover Sheet. (ECF No. 1-1).

5. Finally, while Plaintiff alleges in the Civil Cover Sheet that Defendant Macy's Corporate Service, LLC's ("Macy's") county of residence is in Hudson County, New Jersey (*see id.*), the 24-8840 Complaint alleges Macy's address is 7 West 7th Street in Cincinnati, Ohio 45202. (24-8840 Compl. at 2). Plaintiff further alleges that the events that gave rise to this action occurred in Secaucus, New Jersey. (*Id.* at 6). Consequently, it is unclear whether Plaintiff alleges venue under 28 U.S.C. § 1391(b)(1) or (2), which establish venue in the "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" (*Id.* at (b)(1)), or in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." (*Id.* at b(2)). *See Friedman v. Choai*, No. 22-5315, 2024 WL 3912979, at *3-4 (D.N.J. Aug. 23, 2024) (Denying dismissal of case for improper venue due to plaintiff's *pro se* and opting to transfer the case under 28 U.S.C. § 1406(a)).

6. For substantially the same reasons, the 29-9049 Complaint is also dismissed *without prejudice*. Like the Civil Cover Sheet and Complaint in 2:24-cv-8840, the same

3

documents in 2:24-cv-9049 fail to allege jurisdiction, venue, and identify the nature of suit. Accordingly, the 24-8840 Complaint and 24-9049 Complaint are dismissed *without prejudice*.

### C.     2:24-cv-9049 is Consolidated into 2:24-cv-8840 For all Purposes

7.     Because the matters in 2:24-cv-8840 and 2:24-cv-9049 appear to involve common questions of fact and law, the Court *sua sponte* consolidates the case in 2:24-cv-9049 into the lead case in 2:24-cv-8840.[1] Federal Rule of Civil Procedure 42(a); *see also A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) ("[D]istrict courts have broad power to consolidate cases that share common questions of law or fact.") (internal quotation marks, brackets, and citations omitted).  Indeed, the IFP Application in 2:24-cv-9049 largely presents the same information reported in the IFP application in 2:24-cv-8840.  Plaintiff also alleges that Macy's and Defendant Laundry Distribution & Food Services Board Join purportedly "collu[ded]" against Plaintiff.  (ECF No. 1 at 9 in 2:24-cv-9049).  *See In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("Once a common question [of law or fact] has been established, the decision to consolidate rests in the sound discretion of the district court.") (citations omitted). Thus, consolidation is appropriate at this preliminary stage of litigation.

For all the foregoing reasons, it is hereby,

**ORDERED** that this Memorandum Opinion and Order shall relate to 2:24-cv-8840 and 2:24-cv-9049 with the same force and effect; it is further

**ORDERED** that the matter in 2:24-cv-9049 is consolidated for all purposes into the lead case in 2:24-cv-8840; all documents going forward shall be filed under the lead case in 2:24-cv-8840; and the Clerk of Court shall **CLOSE** the matter in 2:24-cv-9049; it is further

---

[1] The action in 2:24-cv-8840 was opened on August 29, 2024, and the action in 2:24-cv-9049 was opened on September 4, 2024.

**ORDERED** that Plaintiff's 24-8840 Complaint in 2:24-cv-8840 (ECF No. 1) and 24-9049 Complaint in 2:24-cv-9049 (ECF No. 1) are **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff may file an amended complaint in 2:24-cv-8840 within 30 days of this Memorandum Opinion and Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** 2:24-cv-8840 subject to restoration to the active docket should Plaintiff file an amended complaint within the specified time.

DATED: 9/17/2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge